IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:21-cv-00061-M

| | |
|---|---|
| TONYA BARBER, ) | |
| ) | |
| Plaintiff/Counter Defendant, ) | |
| ) | |
| v. ) | JURY TRIAL |
| ) | SCHEDULING ORDER |
| COASTAL HORIZONS CENTER, INC., ) | |
| ) | |
| Defendant/Counter Claimant. ) | |
| ) | |

This matter comes before the court sua sponte. Due to scheduled criminal matters, which take precedence pursuant to the Speedy Trial Act, the jury trial currently scheduled to begin in this case on January 9, 2024, is VACATED AND RESCHEDULED to commence on Tuesday, **February 20, 2024 at 10:00 a.m.** in Courtroom 160, 1003 South 17th Street, Wilmington, North Carolina, 28401. The following deadlines and requirements shall govern pretrial and trial activities:

1. Pursuant to Federal Rule of Civil Procedure 16(e), the court will hold a final pretrial conference on **February 5, 2024 at 2:00 p.m.** in Courtroom 160, Wilmington. Each party appearing in this action must be represented at the conference by the attorney who is to have charge of the conduct of the trial on behalf of such party.

2. Not later than **January 29, 2024**, counsel must file the parties' proposed pretrial order. *See* Local Civil Rule 16.1(b). This filing must comply with the form specified in Local Civil Rule 16.1(c). Pursuant to Local Civil Rule 16.1(c)(3), and Federal Rule of Civil Procedure 26(a)(3), objections not disclosed within the pretrial order are waived unless excused by the

court for good cause. In addition, because the pretrial order supersedes prior pleadings and orders and controls all subsequent proceedings, *Rockwell Intern. Corp. v. U.S.*, 549 U.S. 457, 474 (2007), any claims or defenses not set forth in the pretrial order will be deemed abandoned. The parties must submit copies of all exhibits referenced within the pretrial order at the beginning of the trial. *See* Local Civil Rule 39.1(b). Simultaneous to filing, counsel also shall submit an electronic copy of said proposed pretrial order to chambers, in Word format, at the following email address: documents_judge_myers@nced.uscourts.gov.

3. Not later than **January 8, 2024**, the parties shall file any motions pursuant to Fed. R. Evid. 702, 703, and 704, and any written responses must be filed by **January 22, 2024**. The court will determine on these briefs and notify the parties whether it will hear the matter(s) at the final pretrial conference. Simultaneous to filing a motion, counsel also shall submit an electronic copy of a proposed order(s) to chambers, in Word format, at the following email address: documents_judge_myers@nced.uscourts.gov.

4. When an evidentiary question or issue relating to admissibility of evidence can be anticipated before the final pretrial conference, a motion contemplated by Local Civil Rule 39.1(a) must be filed by **January 16, 2024**, and any written response must be filed by **January 23, 2024**. Unless leave of court is given, no replies shall be made for motions in limine. When, by contrast, the question or issue bearing on admissibility of evidence cannot reasonably be contemplated in advance of the final pretrial conference, any motion in limine must be filed by **February 13, 2024**, pursuant to Local Civil Rule 39.1(a).

5. Before trial, counsel shall familiarize themselves with the technology available in the courtroom. Pursuant to Local Civil Rule 83.10(b), if a party has a need for any type of courtroom technology for a hearing or trial, including but not limited to any audio

2

Case 7:21-cv-00061-M    Document 95    Filed 09/21/23    Page 2 of 5

equipment, video equipment, document presentation system, and jury evidentiary recording system, counsel must notify the case manager at (910) 679-2022 and request training from the court's information-technology staff for the person(s) who will be operating the courtroom technology. Unless excepted by the clerk, no later than seven (7) days before the scheduled proceeding in which such technology is used, counsel must file a certification provided by the court's technology staff that such training has been completed. Counsel shall review all related documentation appearing upon the court's website, including information concerning the formatting of evidentiary media.

6. Not later than **January 30, 2024**, the parties must notify the court whether it will be necessary for the court to rule on any dispute(s) regarding video depositions or other deposition excerpts anticipated to be used and for which the parties have been unable to reach agreement concerning editing. *See* Local Civil Rule 16.1(b)(2).

    a. Said notification shall inform the court of the nature and complexity of the issue(s) concerned, including whether it shall be necessary for the court to review lengthy deposition testimony in order to render its decision.

    **b.** If such review is necessary, and it is unlikely that this review will be completed during the final pretrial conference given time limitations, the parties must within their notification present what the parties respectively believe to be the most efficient framework for the court's decisionmaking concerning the disputed editing of the deposition testimony.

7. Not later than **January 26, 2024**, the parties shall file a proposed verdict form. Counsel also shall submit an electronic copy of the proposed verdict form to chambers, in Word format, at the following email address: documents_judge_myers@nced.uscourts.gov.

3

8. Not later than **January 26, 2024**, the parties shall file proposed jury instructions as follows. The parties shall confer and prepare a set of joint proposed jury instructions; for any instructions on which the parties do not agree, the party proposing the instruction shall submit it. All three sets of proposed instructions (joint, plaintiff's, and defendant's) shall cite relevant legal authority. Counsel also shall submit electronic copies of the proposed jury instructions to chambers, in Word format, at the following email address: documents_judge_myers@nced.uscourts.gov.

9. Not later than **January 26, 2024**, the parties shall submit any proposed voir dire questions for the court's consideration in preparing to examine prospective jurors, in Word format, at the following email address: documents_judge_myers@nced.uscourts.gov.

10. Not later than **January 26, 2024**, the parties shall file trial briefs comprised of concise memoranda of authorities on all anticipated evidentiary objections and on all contested issues of law. *See* Local Rule 39.1. Unless otherwise permitted, these briefs shall be no longer than twenty pages. No responses will be permitted.

11. At the final pretrial conference, the court will:

    a. Rule on any dispute concerning the contents of the final pretrial order. *See* Local Civil Rule 16.1(d)(1).

    b. Rule on any dispute regarding video depositions anticipated to be used and for which the parties have been unable to reach agreement concerning editing. *See* Local Civil Rule 16.1(b)(2).

    c. Preview proposed testimony and exhibits, and rule on contested issues of law, anticipated evidentiary objections, and motions in limine related to admissibility of evidence, to the extent possible at the time of the pretrial conference. *See* Local Civil

Rule 39.1(a).

d. Discuss generally the nature of the parties' proposed jury instructions and verdict form, to discern areas of agreement and disagreement.

e. Endeavor to streamline the trial to avoid wasting time on undisputed or immaterial matters by considering, where applicable: bifurcation; presentation of non-critical testimony by deposition excerpts; and stipulations regarding, *inter alia*, the content of testimony to be given and the qualifications of expert witnesses. The parties shall be prepared to address how to streamline the trial.

f. Explore once more any opportunities for settlement.

12. The court will make available a United States Magistrate Judge to mediate the parties' dispute in lieu of trial, should the parties make a joint motion seeking such mediation.

This trial scheduling order shall not be modified except by leave of court upon a showing of good cause, and all requirements set forth within the court's Local Civil Rules governing pretrial and trial procedures not altered herein shall be strictly observed.

SO ORDERED this 21st day of September, 2023.

*Richard E Myers II*

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE